GARY L. JOHNSON [4353]
JENNIFER H. MASTROROCCO [11206]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Plaintiff*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
E-Mail:  gary-johnson@rbmn.com
        jennifer-mastrorocco@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, an Iowa corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID SPARKS, an individual; DIESEL POWER GEAR, LLC, a Utah limited liability company; DIESELSELLERZ.COM, LLC, a Utah limited liability company dba DIESELSELLERZ; DIESEL DAVE ENTERTAINMENT, INC.; a Utah corporation, TIMOTHY CALEB PERKINS; and MELISSA LUNSFORD, individually, and as the mother and guardian of R.L., a minor child,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. 1:20-cv-00044-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Farm Bureau Property & Casualty Insurance Company ("Farm Bureau"), by and

through its counsel of record, Gary L. Johnson and Jennifer H. Mastrorocco of RICHARDS

BRANDT MILLER NELSON, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal

Rules of Civil Procedure, hereby complains and alleges against defendants and for causes of action alleges as follows:

## INTRODUCTION

1. This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq. and Farm Bureau seeks an Order from this Court declaring its duties and responsibilities under a Contract of Insurance issued by Farm Bureau to defendant Dave Sparks.

## JURISDICTION

2. Farm Bureau is an Iowa corporation with its principal place of business in West Des Moines, Iowa.  Farm Bureau writes insurance in eight (8) states, including Utah.

3. Dave Sparks is an individual who, at all relevant times, was a resident of Davis County, State of Utah.

4. Defendant DieselSellerz.com LLC, dba DieselSellerz was at all relevant times a Utah limited liability company. Upon information and belief, the members of Diesel Sellerz.com LLC are citizens of Utah.

5. Defendant Diesel Power Gear, LLC, was at all relevant times a Utah limited liability company.  Upon information and belief, the members of Diesel Power Gear are citizens of Utah.

6. Defendant Diesel Dave Entertainment, Inc. was at all relevant times a Utah corporation.

7. Upon information and belief, Defendant Dave Sparks was the owner and/or agent of the Defendants listed above (collectively referred to herinafter with Dave Sparks as "Diesel Dave Defendants").

8. Defendant Timothy Caleb Perkins was at all relevant times, a resident of Davis County, Utah.

9. Defendant Melissa Lunsford was at all relevant times, a resident of Davis County, Utah.

10. Ms. Lunsford is the natural mother and guardian of Plaintiff R.L., a minor child, who also resides in Davis County, Utah.

11. A lawsuit was filed in the Third Judicial District Court of Utah by Ms. Lunsford naming the Diesel Dave Defendants and Timothy Perkins as defendants, case no. 200900740 ("Underlying Lawsuit"). The Underlying Lawsuit was filed with a Tier 3 designation meaning that damages are in excess of $300,000.

12. This matter is based on 28 U.S.C. §§ 1332(a), 2201 and 2202, as this suit prays for declaratory judgment, is between citizens of different states, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that all defendants reside in the District of Utah, Farm Bureau is an insurance company admitted to do business in the State of Utah, and the case seeks a declaratory judgment concerning an insurance contract to be interpreted under Utah law.

## **FACTUAL ALLEGATIONS**

### The Accident and Underlying Lawsuit

14. Farm Bureau incorporates by reference the allegations in paragraphs 1-13 above.

15. The Underlying Lawsuit alleges that on July 11, 2019, Defendant Perkins was assisting with a high adventure activity in Moab, Utah for the 14 to 15 year old young men's group for his church, including Defendant R.L.

16. For the church activity Defendant Perkins had arranged to use a 2018 Polaris Ranger XP.

17. Prior to the group's arrival in Moab, they stopped at a scenic location near "Dinosaur Tracks" and Defendant Perkins unloaded the Polaris Ranger from his trailer and began transporting young men to and from the site.

18. As Defendant Perkins was returning to the parking lot, he lost control of the Polaris Ranger, causing it to overturn onto the passenger side (the "Accident").

19. Plaintiff R.L. was seated in the passenger seat and there were four other young men in the Polaris Ranger.

20. As the vehicle overturned, R.L.'s legs were ejected from the cab of the Polaris Ranger and they became pinned beneath the Ranger, causing injury to R.L.

21. R.L. was taken from the scene of the Accident for medical treatment for his injuries.

22. On or about January 28, 2020, Melissa Lunsford, on behalf of R.L., filed the Underlying Lawsuit arising out of the July 11, 2019 Accident. (See Complaint attached hereto as **Exhibit A** to this Complaint).

23. The Underlying Lawsuit alleges that the vehicle involved in the Accident was owned and/or controlled by the Diesel Dave Defendants.

### The Farm Bureau Contract of Insurance

24.     Farm Bureau incorporates by reference the allegations in paragraphs 1-23 above.

25.     Dave Sparks had a liability policy on the 2018 Polaris Ranger XP with a $500,000 bodily injury limit. The policy was issued by Farm Bureau Property and Casualty Insurance Company.

26.     The Contract of Insurance had a policy period of 5/30/19 to 5/30/2020 however, the policy only ran from 5/30/19 to 08/30/19.  The Contract provided personal auto liability coverage for the following vehicles:

    2017 Boat Mate Trailer 224354
    2019 Polaris RMK 850 16896647
    2019 Polaris RMK 850 6884667689
    2018 Polaris RMK 800 12121
    2009 Kawasaki KX 450 F JKAKXGEL29A002690 450 CC's
    2018 Polaris RMK 850 Pro SN1EFK8R6KC338553
    2018 Polaris RMK 850 Pro SN1EGK8R3KC337468
    2017 KTM HUSQVARNA FC459 VBKUXR43XHM301450 450 CC
    2013 Kawasaki KX450F JKAKXGFCXDA019275 449 CC's
    2015 Kawasaki KX450F JKAKXGFC6FA031832 449 CC's
    2018 Polaris SLINGSHOT SLR 57XAARFA2J8126408 2384 CC's
    2017 Polaris SLINGSHOT SLR 57XAARFA8H8120882 2384 CC's
    2018 Polaris SCRAMBLER XP 1000 4XASVE955J8136725 952 CC's
    2018 Polaris SPORTSMAN 1000 XP TOURING 4XAS4E95XJR135691 952 CC's
    2018 Polaris SPORTSMAN XP 1000 4XASXM95XJB138927 952 CC's
    2017 Shanghai Howhit POLARIS ACE 150 L6KHAA157HS001118 149 CC's
    2017 Polaris RZR 170 RF3YAV173J023604 170 CC's
    2018 Polaris RZR TURBO S 3NSVEL922JF412628 925 CC's
    2018 Polaris RZR RS1 3NSVGE992JF402166 999 CC's

      2017 Polaris GENERAL 4 1000 EPS 3NSRHE996HH876490 999 CC's

      2018 Polaris RZR TURBO S 3NSVEL926VF411854 1000 CC's

      2017 Polaris RZR XP 4 TURBO 3NSVFE928HF796823 925 CC's

      2018 Polaris RANGER CREW 1000 4XARVU995J8560107 999 CC's

      2017 Polaris RZR XP TURBO 3NSVDE922HF9123569 925 CC's

      2017 Polaris GENERAL 4 1000 EPS 3NSRHK99KH4922878 999 CC's

      2018 Polaris RANGER CREW 1000 4XARVE999J8039932 999 CC's

      2017 AXIS A24 455

      2016 Cadillac ESCALADE 1GYS4HKJ0GR145962

(A certified copy of the Contract of Insurance is attached as **Exhibit B** to this Complaint.)

    27.    The Farm Bureau Contract of Insurance was issued to David Sparks and Ashley Sparks. The Contract of Insurance lists Mr. Sparks' address as 2130 Ridgewood Way, Bountiful, UT 84010.

    28.    Farm Bureau has requested information from Dave Sparks several times including proof of ownership of the vehicle involved in the Accident. As of the date of filing of this Complaint, Dave Sparks has failed to provide this information. The ownership of the vehicle involved in the Accident is unknown at this time.

    29.    The Contract of Insurance contains several provisions that relate to the coverage issues in this case. First, the Insuring Agreement provides:

> In return for payment of the premium and subject to all the terms and conditions of the policy, we agree to provide the insurance described in this policy and summarized in the Declarations pages.

    30.    The General Section contains the following relevant information:

> **Cooperation With Us**
> When asked by us, the "insured" shall assist in making settlements, in securing and giving evidence, in attending and getting witnesses to attend hearings and trials, and agreeing to answer questions under oath. No "insured", except at his or her own cost,

    shall voluntarily make any payment, assume any obligation to others, nor incur any expense other than for first aid to others.

***

    **Insurable Interest**
    We will not pay for any loss to property in which you or any "insured" do not have an insurable interest at the time of loss. If more than one "person" or organization has an insurable interest in the covered property, we will pay no more than the amount of your or any "insured's" interest, up to the amount of coverage that applies.

***

    **Notification of Loss**
    A. Prompt notice of a loss or claim to which this policy applies is important. To assure prompt claim service, we provide you with a toll free telephone number for reporting claims. This number is on the jacket of your policy and in your Declarations. It is your responsibility to:

***

    2. Notify us immediately if a claim or "suit" is made against an "insured". Also send us every demand, notice or claim made and every summons or legal process received.

31.    The Contract of Insurance is constructed through a series of modules. The Vehicle Liability Module provides:

    **Who Is An Insured**
    A. Within this module when we refer to "your personal vehicle," a "newly owned vehicle" or a "temporary substitute vehicle," "insured" is defined as:
    1. You;
    2. Any "household member";
    3. Any other "person" while using "your personal vehicle," a "newly owned vehicle" or a "temporary substitute vehicle" if its use is within the scope of your consent; or
    4. Any other "person" or organization liable for the use of such a vehicle by one of the above "insureds."
    B. Within this module, when we refer to a "non-owned vehicle," "insured" is defined as:
    1. You;
    2. Any "person" who does not own a "personal vehicle" and is a partner or officer of an organization indicated as a "named insured";
    3. Any "household member" of a "person" in 1 or 2 above;  or
    4. Any "person" or organization which does not own or hire the vehicle but is liable for its use by one of the "persons" in 1, 2 or 3.

32.     This Module provides in pertinent part:

> **Glossary**
> The language in this section includes certain words or phrases that are given exact meanings to make clear what we mean when we use them. Each word or phrase surrounded by quotation marks is defined in this glossary, in the General Section or in a module under the heading Additional Definitions. If a word is defined in more than one location, the definition in this section takes precedence for the coverages described in this section or the modules under this section. If the same word is defined in a module under this section that definition takes precedence for that module.
>
> **"Vehicle Business"**
> A business or job where the purpose is to sell, lease, repair, service, transport, store or park vehicles or "trailers."

33.     Under the Vehicle Liability Module, the Exclusions in the General Section apply and are expanded as follows:

> **Vehicle Business**
> There is no coverage for any "damages" "arising out of' any vehicle being repaired, serviced or used by any "person" employed or engaged in any way in a "vehicle business." This exclusion does not apply to you, your agent, employee or partner or any "household member."

THE INSURANCE CLAIMS

34.     Farm Bureau incorporates by reference the allegations in paragraphs 1-33 above.

35.     Farm Bureau was first informed of the accident on February 18, 2020 when it received a copy of the Complaint from the Underlying Lawsuit.

36.     After investigating the Accident and the resulting claim, Farm Bureau informed Dave Sparks and Timothy Caleb Perkins that there may be no coverage for themselves or any of the other defendants in the Underlying Lawsuit under the Contract of Insurance for those claims, for the reasons set forth below. As such, Farm Bureau reserved all of its rights under the law and under the policies. (See March 17, 2020 letter and April 20, 2020, attached hereto as **Exhibit C**.)

37. Farm Bureau is providing for the defense of Dave Sparks in the lawsuit arising out of the July 11, 2019 accident, subject to that reservation of rights and the resolution of this declaratory judgment action.

38. Farm Bureau is providing for the defense of Timothy Caleb Perkins in the lawsuit arising out of the July 11, 2019 accident, subject to that reservation of rights and the resolution of this declaratory judgment action.

39. An actual dispute and controversy has arisen between Plaintiff and Defendants regarding whether there is coverage under the Contract of Insurance for the claims arising out of the July 11, 2019 Accident.

FIRST CAUSE OF ACTION
(No Coverage for the Vehicle Involved in the Accident Because
the Insured Has No Insurable Interest)

40. Farm Bureau incorporates by reference the allegations in paragraphs 1-39 above.

41. There is no coverage for the vehicle involved in this Accident unless the Insured has an insurable interest in the vehicle.

42. Despite repeated requests, the Insured has produced no verification that he has an insurable interest in the vehicle involved in the Accident. The ownership of the vehicle involved in the Accident is involved is unknown at this time. In the event that the vehicle was owned by DieselSellerz.com LLC, dba DieselSellerz, Diesel Power Gear, LLC, or Diesel Power Gear, LLC, there is no coverage for the claims arising from this Accident.

43. The Vehicle Liability Module provides:

> **"Vehicle Business"**
> A business or job where the purpose is to sell, lease, repair, service, transport, store or park vehicles or "trailers."

44. Within the Vehicle Liability Module, the Exclusions in the General Section apply and are expanded as follows:

> **Vehicle Business**
> There is no coverage for any "damages" "arising out of" any vehicle being repaired, serviced or used by any "person" employed or engaged in any way in a "vehicle business." This exclusion does not apply to you, your agent, employee or partner or any "household member."

45. There is an actual controversy between Farm Bureau and defendants concerning whether there is coverage for damages arising out of the use of the vehicle involved in the Accident. Accordingly, Farm Bureau has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the claims for damage find no coverage under the Contract of Insurance.

## SECOND CAUSE OF ACTION
(DieselSellerz.com LLC, dba DieselSellerz, Diesel Power Gear, LLC, Diesel Power Gear, LLC and Timothy Caleb Perkins are not Insureds Under the Contract of Insurance)

46. Farm Bureau incorporates by reference the allegations in paragraphs 1-45 above.

47. There is no coverage under the Contract of Insurance for DieselSellerz.com LLC, dba DieselSellerz, Diesel Power Gear, LLC, Diesel Power Gear, LLC and Timothy Caleb Perkins because they do not qualify as Insureds.

48. The Contract of Insurance only names Dave Sparks and Ashley Sparks as an insured.

49. As mentioned above, the Vehicle Liability Module provides:

> **Who Is An Insured**
> A. Within this module when we refer to "your personal vehicle," a "newly owned vehicle" or a "temporary substitute vehicle," "insured" is defined as:
> 1. You;
> 2. Any "household member";

10

   3. Any other "person" while using "your personal vehicle," a "newly owned vehicle" or a "temporary substitute vehicle" if its use is within the scope of your consent; or

   4. Any other "person" or organization liable for the use of such a vehicle by one of the above "insureds."

  B. Within this module, when we refer to a "non-owned vehicle," "insured" is defined as:

1. You;
2. Any "person" who does not own a "personal vehicle" and is a partner or officer of an organization indicated as a "named insured";
3. Any "household member" of a "person" in 1 or 2 above; or
4. Any "person" or organization which does not own or hire the vehicle but is liable for its use by one of the "persons" in 1, 2 or 3.

  50. There is no evidence that Dave Sparks has an ownership interest in the vehicle involved in the Accident and therefore he does not have authority to grant Timothy Caleb Perkins permissive use of the vehicle.

  51. There is an actual controversy between Farm Bureau and DieselSellerz.com LLC, dba DieselSellerz, Diesel Power Gear, LLC, Diesel Power Gear, LLC and Timothy Caleb Perkins concerning whether they qualify as insureds under the Contract of Insurance. Accordingly, Farm Bureau has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that there is no coverage under the Contract of Insurance.

THIRD CAUSE OF ACTION
(Dave Sparks' Failure to Cooperate)

  52. Farm Bureau incorporates by reference the allegations in paragraphs 1-51 above.

  53. The Accident occurred on July 11, 2019. Farm Bureau's first notice of the incident was on February 19, 2020, when Farm Bureau received a copy of the Complaint from the Underlying Lawsuit.

  54. Additionally, Farm Bureau has made numerous requests seeking the cooperation of Dave Sparks and his counsel in the investigation of this incident. Specifically, Farm Bureau

11

has made several unsuccessful attempts to obtain and confirm ownership of the vehicle involved in the Accident.  To date, Dave Sparks has failed to provide proof of ownership of the vehicle involved in the Accident, as required by the terms of the Farm Bureau Policy.

55.     There is an actual controversy between Dave Sparks and Farm Bureau concerning whether Farm Bureau is relieved from paying any claim and/or damages that Farm Bureau and/or Dave Sparks may legally be obligated to pay, including but not necessarily limited to Melissa Lunford on behalf of R.L., because of bodily injury or property damage as a result of the Accident due to Dave Sparks' failure to provide prompt notice of the Accident and failure cooperate in the investigation of this matter, which failure has also prevented Farm Bureau from discovering facts relating to the incident on July 11, 2019.

WHEREFORE, Farm Bureau prays for judgment against the Defendants as follows:

1.      On the first cause of action, that there is no coverage for the damages arising out of the use of the vehicle involved in the Accident.

2.      On the second cause of action, judgment by the Court that there is no coverage under the Contract of Insurance for DieselSellerz.com LLC, dba DieselSellerz, Diesel Power Gear, LLC, Diesel Power Gear, LLC and Timothy Caleb Perkins.

3.      On the third cause of action, judgment that there is no coverage for Dave Sparks under the Contract of Insurance for his failure to cooperate as required by the terms of the Contract of Insurance.

    4.    Judgment by the Court that Farm Bureau is entitled to reasonable costs incurred in pursuit of these claims and for such other and further legal and/or equitable relief as the Court deems just and proper.

DATED this 24th day of April, 2020.

RICHARDS BRANDT MILLER NELSON

/s/ Jennifer H. Mastrorocco
Gary L. Johnson
Jennifer H. Mastrorocco
*Attorneys for Plaintiff*

G:\EDSI\DOCS\21364\0006\1AE3524.DOCX