# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, an Iowa corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**DAVID SPARKS, an individual; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:20-cv-00044-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Farm Bureau Property & Casualty Insurance Company's ("Farm Bureau") Motion for Initial Scheduling Conference.[2]

On April 27, 2020, the court entered an Order to Propose Schedule requiring the parties to undertake certain actions relative to scheduling.[3] Pursuant to Paragraph 2.c. of that order, if the parties failed to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, Farm Bureau was required to file a Motion for Initial Scheduling Conference.[4]

---

[1] ECF No. 31.

[2] ECF No. 19.

[3] ECF No. 3.

[4] *Id*. at ¶ 2.c.

On June 15, 2020, Defendants David Sparks; Diesel Power Gear, LLC; DieselSellerz.com, LLC; and Diesel Dave Entertainment, Inc. (collectively, "Defendants") filed a motion to dismiss.[5]

On June 22, 2020, after the parties were apparently unable to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, Farm Bureau filed the motion before the court, consistent with the requirements of the Order to Propose Schedule.  Farm Bureau asks the court to grant its motion and enter its proposed scheduling order.

Defendants oppose Farm Bureau's motion.  Defendants contend that their motion to dismiss, which seeks dismissal of this action in its entirety, should be decided prior to entry of a scheduling order and the commencement of discovery.

The court acknowledges that Farm Bureau properly complied with the Order to Propose Schedule; however, the court agrees with Defendants' argument.  Because Defendants' motion to dismiss could potentially dispose of this action, the court concludes that scheduling and the commencement of discovery at this point are premature.  That conclusion is well within the court's broad discretion to control the timing and sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R. Civ. P. 26(d)(3); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery . . . .") (quotations and citations omitted); *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, No. 1:10-CV-00209,

---

[5] ECF No. 18.

2011 WL 13136539, at *1 (D. Utah Mar. 1, 2011) ("[U]nder certain circumstances the court may utilize its discretion to alter the timing, sequence, and volume of discovery.") (quotations, citation, and footnote omitted).  Furthermore, it is consistent with other decisions from this court when faced with similar circumstances.  *See, e.g.*, *Craft Smith, LLC v. EC Design, LLC*, No. 2:16-CV-01235-DB-PMW, 2018 WL 1725465, at *1 (D. Utah Apr. 6, 2018) (staying all discovery in the action pending resolution of a motion to dismiss); *Rupp v. Transcon. Ins. Co.*, No. 2:07-CV-333-TC-PMW, 2008 WL 3193069, at *1-2 (D. Utah Aug. 6, 2008) (denying motion for scheduling conference and concluding that discovery would be premature while dispositive motions were pending).

For those reasons, Farm Bureau's Motion for Initial Scheduling Conference[6] is DENIED.  Additionally, IT IS HEREBY ORDERED:

1. Farm Bureau must propose a schedule to Defendants in the form of a draft Attorney Planning Meeting Report within 14 days after the court issues its ruling on Defendants' motion to dismiss.

2. Within 7 days after receipt of the draft Attorney Planning Meeting Report, the parties shall meet and confer and do one of the following:

    a. File a jointly signed Attorney Planning Meeting Report and also e-mail a stipulated Proposed Scheduling Order in word processing format to utdecf_bennett@utd.uscourts.gov; or

---

[6] ECF No. 19.

  b. If the parties cannot agree on a Proposed Scheduling Order, Farm Bureau must file a jointly signed Attorney Planning Meeting Report detailing the nature of the parties' disputes and must also file a stipulated Motion for Initial Scheduling Conference; or

  c. If the parties fail to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, Farm Bureau must file a Motion for Initial Scheduling Conference, which must include a statement of Farm Bureau's position as to the schedule.  Any response to such a motion must be filed within 7 days.

IT IS SO ORDERED.

DATED August 12, 2020.

            BY THE COURT:

            _____
            JARED C. BENNETT
            United States Magistrate Judge